OPINION

Per Curiam:

The State appeals from a district court order granting respondent Ricky D. Lewis’s presentence motion to withdraw his guilty plea. The issue before this court is whether an order granting a presentence motion to withdraw a guilty plea is independently appealable. We conclude that such an order is an intermediate order, not a final, appealable judgment. This court’s appellate jurisdiction is determined by statute or rule. Because there is no statute or rule providing for an appeal from an intermediate order of the district court allowing a defendant to withdraw a guilty plea before sentencing, we conclude that we lack jurisdiction over this appeal. We therefore grant Lewis’s motion and dismiss this appeal.

FACTS

Lewis was charged with five counts of sexual assault on a minor under the age of 14 years and five counts of lewdness with a child under the age of 14 years. Lewis subsequently entered an Alford plea[1] to one count of attempted sexual assault of a minor under the age of 16 years and a guilty plea to one count of sexually motivated coercion. The written plea agreement stated that Lewis was eligible for probation if a psychosexual evaluation certified that he did *134 not represent a high risk to reoffend. The district court did not address the issue of probation during the plea canvass.
Before sentencing, Lewis filed a motion to withdraw the guilty plea. In the motion, Lewis argued that his guilty plea was unknowing because he was misadvised in the plea agreement that he was eligible for probation under certain circumstances. The State opposed the motion. After entertaining arguments from counsel, the district court granted the presentence motion to withdraw the guilty plea.
The State filed this timely appeal. Lewis then filed a motion to dismiss the appeal, arguing that the order granting the presentence motion to withdraw the guilty plea is intermediate and therefore not a final, appealable determination. The State opposed the motion, and this court directed additional briefing on the jurisdictional issue.

DISCUSSION

This court’s appellate jurisdiction is conferred by statute and court rule.[2] When no statute or court rule provides for an appeal, no right to appeal exists.[3] Our analysis thus must focus on whether a statute or rule provides for an appeal from an order granting a presentence motion to withdraw a guilty plea.
NRS 177.015 is the primary statute authorizing appeals in criminal cases. As the State acknowledges in its appellate brief, the plain language of NRS 177.015 does not provide for appellate review of a district court order granting a motion to withdraw a guilty plea. Nonetheless, NRS 177.015(l)(b) provides that a criminal defendant or the State may appeal from a district court order “granting a motion to dismiss, a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial.’ ’ The State relies on Hargrove v. State to argue that an order granting a presentence motion to withdraw a guilty plea is appealable under NRS 177.015(l)(b) because it is the functional equivalent of an order granting a motion for a new trial.[4] We conclude that the State’s argument lacks merit.
In Hargrove, this court determined that it had jurisdiction to consider an appeal from a district court order denying a post-conviction motion to withdraw a guilty plea.[5] While acknowledging that NRS 177.015 “makes no specific provision for appeals from orders denying post-conviction motions to withdraw,” this *135 court concluded that a post-conviction motion to withdraw a guilty plea is tantamount to a motion for a new trial because both motions “may be made after conviction” and challenge the predicate of guilt.[6] Notably, in concluding that a district court’s ruling on a post-conviction motion to withdraw a guilty plea is appealable, this court emphasized that the motion was filed after the conviction and that the Legislature clearly intended that “post-conviction challenges to guilty pleas should be subject to appellate review.”[7] And this court further emphasized the procedural posture of the motion by noting that an order denying a motion to withdraw a plea before entry of the judgment may be reviewed on direct appeal from the judgment of conviction as an intermediate order.[8]
Despite the emphasis in Hargrove on the procedural posture of the motion, the State argues that this court did not intend to limit its decision to only post-conviction proceedings. Relying on Passanisi v. State,[9] the State argues that the primary consideration for determining an order’s appealability is the “purpose and underlying function” of the motion, and the procedural posture of the case, when the motion is filed, is irrelevant. The State thus argues that whenever a defendant files a motion seeking an entirely new criminal proceeding, as in a presentence motion to withdraw a guilty plea, the motion is appealable as the functional equivalent of a motion for a new trial.
We are not convinced that an order granting a presentence motion to withdraw a guilty plea is the functional equivalent of an appealable order granting a motion for a new trial under NRS 177.015(1)(b). In interpreting a similar provision with respect to civil appeals under NRAP 3A, which authorizes appellate review of a district court order “granting or refusing a new trial,” this court has concluded that only orders resolving post-judgment motions for a new trial are appealable.[10] We see no reason why the identical language in NRS 177.015 — “granting or refusing a new trial” — should be construed in a manner inconsistent with *136 NRAP 3A.[11] And to the contrary, there are compelling policy justifications, which we discuss below, underlying the general rule that a judgment be final before this court is vested with jurisdiction. We therefore hold that, pursuant to NRS 177.015(1)(b), this court has authority to review determinations of the district court resolving post-conviction motions for a new trial, as well as post-conviction motions that are the “functional equivalent” of a motion for a new trial.[12] However, an order that is entered before a judgment of conviction, such as an order granting a presentence motion to withdraw a guilty plea, is intermediate and therefore not generally a final, appealable determination.[13]
Our conclusion is grounded in the fact that the final judgment rule “is not merely technical, but is a crucial part of the efficient justice system.”[14] The requirement that a judgment be final allows this court to “review the matter with the benefit of a complete record”[15] and serves important policy concerns, including “promoting judicial economy by avoiding the specter of piecemeal appellate review.”[16] Piecemeal review of intermediate orders would significantly and needlessly increase this court’s caseload, result in unnecessary delay of the district court proceedings, and cause confusion over the district court’s and this court’s jurisdiction.[17] “Piecemeal review does not promote the orderly handling of a case, and is particularly disruptive in criminal cases where the defendant is entitled to a speedy resolution” of the criminal charges.[18]
Despite these policy concerns, the State also argues that refusing to entertain its appeal from a district court order granting a presentence motion to withdraw would be “unfair” and “would deprive the State of its right to appellate review of an erroneous decision of the district court.” The State notes that a criminal defendant may challenge a ruling on a presentence motion to withdraw a plea on direct appeal from the judgment of conviction,[19] but *137 the State would have no concomitant right. And the State argues that if the district court erroneously grants a presentence motion to withdraw the guilty plea and the criminal defendant is then acquitted, there will be no remedy because the State cannot appeal from an acquittal.
This court’s jurisdiction is defined by Nevada law and, notably, this court cannot expand its jurisdiction based on general principles of fundamental fairness.[20] A district court has vast discretion with respect to determining the merits of a presentence motion to withdraw a guilty plea and, in fact, may grant such a motion for any reason that is fair and just.[21] Moreover, when the district court grants a presentence motion to withdraw a guilty plea, the State generally suffers no substantial prejudice.[22] The State may proceed to trial on the original charges or enter into a new plea bargain with the defendant. And in those rare circumstances, when the State alleges that a district court has exceeded the broad boundaries of judicial discretion in allowing a defendant to withdraw a plea before sentencing, the State may file a petition for extraordinary relief in this court.[23]

CONCLUSION

This court lacks jurisdiction to entertain a State’s appeal from an order granting a presentence motion to withdraw a guilty plea because it is an intermediate order of the district court. Therefore, we grant respondent’s motion and dismiss this appeal.

 North Carolina v. Alford, 400 U.S. 25 (1970). “[W]henever a defendant maintains his or her innocence but pleads guilty pursuant to Alford, the plea constitutes one of nolo contendere.” State v. Gomes, 112 Nev. 1473, 1479, 930 P.2d 701, 705 (1996). A nolo contendere plea is equivalent to a guilty plea in that it “authorizes the court to treat the defendant” as if the defendant had pleaded guilty. Id.

 Castillo v. State, 106 Nev. 349, 352-53, 792 P.2d 1133, 1135 (1990).

 Id.

 100 Nev. 498, 686 P.2d 222 (1984).

 Id. at 502, 686 P.2d at 225.

 Id. at 501, 686 P.2d at 224.

 Id. at 502, 686 P.2d at 225.

 Id. at 502 n.3, 686 P.2d at 225 n.3; see also Molina v. State, 120 Nev. 185, 191 n.15, 87 P.3d 533, 537 n.15 (2004); Lee v. State, 115 Nev. 207, 210, 985 P.2d 164, 166 (1999).

 108 Nev. 318, 321-22, 831 P.2d 1372, 1373 (1992) (concluding that this court had jurisdiction over a post-conviction motion to modify sentence as the functional equivalent of a motion for a new trial because both motions were “based on the claim that the factual underpinnings of the district court’s decision are incorrect”).

 Reno Hilton Resort Corp. v. Verderber, 121 Nev. 1, 2-3, 106 P.3d 134, 135 (2005) (construing NRAP 3A(b)(2)).

 Cf. id.

 See id.

 See NRS 177.045. We note that NRS 177.015(2) authorizes independent appellate review of an intermediate order under specific, limited circumstances not applicable here.

 Verderber, 121 Nev. at 5, 106 P.3d at 136-37.

 Id. at 5, 106 P.3d at 137.

 Valley Bank of Nevada v. Ginsburg, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994).

 Verderber, 121 Nev. at 5-6, 106 P.3d at 136-37.

 Franklin v. District Court, 85 Nev. 401, 404, 455 P.2d 919, 921 (1969), superseded by statute, 1981 Nev. Stat., ch. 702, § 1, at 1706, as recognized in State v. Loyle, 101 Nev. 65, 66, 692 P.2d 516, 517 (1985).

 See NRS 177.045; Hart v. State, 116 Nev. 558, 562 n.2, 1 P.3d 969, 971 n.2 (2000).

 See generally Casner v. State, 155 P.3d 1202, 1206 (Kan. Ct. App. 2007) (concluding that there is no fundamental fairness exception to a jurisdictional statute).

 NRS 176.165; Molina, 120 Nev. at 191, 87 P.3d at 537.

 See Mitchell v. State, 109 Nev. 137, 141, 848 P.2d 1060, 1062 (1993).

 See NRS 34.160; NRS 34.170; Round Hill Gen. Imp. Dist. v. Newman, 91 Nev. 601, 637 P.2d 534 (1981).