An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
    and
JEREMY ROOSE,
Real Party in Interest.

No. 67841

**FILED**

JUL 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus or prohibition challenges a district court order reversing real party in interest Jeremy Roose's conviction and barring retrial.[1]

Roose pleaded nolo contendere in the justice court to driving and/or being in actual physical control of a vehicle while under the influence of intoxicating liquor. He timely appealed his conviction to the district court, which construed the appeal as a reasonable constitutional challenge to an alleged sentencing policy in the justice court. After concluding that a sentencing policy existed that violated Roose's due

---

[1]We note that Roose did not file an answer as ordered by this court. We review the merits of the petition as required by NRS 34.200 and NRS 34.260.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-21648

process rights, the district court reversed Roose's conviction and barred retrial by the State.

The district court has final appellate jurisdiction over a case arising in the justice court, *see* Nev. Const. art. 6, § 6; *Waugh v. Casazza*, 85 Nev. 520, 521, 458 P.2d 359, 360 (1969); therefore the State cannot appeal the district court's order. We elect to exercise our discretion and consider the petition. *See* NRS 34.170; NRS 34.330; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) ("[T]he issuance of a writ of mandamus or prohibition is purely discretionary with this court.").

First, the State challenges the district court's jurisdiction to consider Roose's appeal and asks this court to direct the district court to dismiss Roose's appeal for lack of jurisdiction. As a defendant who pleaded nolo contendere may appeal based on a constitutional challenge, the State has failed to demonstrate that the district court lacked jurisdiction to consider Roose's appeal. *See* NRS 177.015(4) (a defendant may appeal a judgment entered pursuant to a nolo contendere plea if "the appeal is based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings"); *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (claims appropriate on appeal from a judgment entered pursuant to a guilty plea include "a challenge to the sentence imposed on constitutional or other grounds," or a claim "that there were other conditions that rendered the proceedings unfair"), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). To the extent the State argues that Roose's claim on appeal was one of bias and that such a claim had to be raised prior to the entry of his plea, "a claim that the [ ] court entertained an actual bias or

that there were other conditions that rendered the proceedings unfair" is appropriately raised on appeal from a judgment entered pursuant to a guilty plea.[2] *See Franklin,* 110 Nev. at 752, 877 P.2d at 1059.[3]

Second, the State challenges the district court's decision to bar retrial of Roose and asks this court to direct the district court to vacate its order filed on March 24, 2015.[4] The State argues that the district court arbitrarily and capriciously exercised its discretion by barring retrial of Roose when it concluded that a new trial was not necessary and proper pursuant to NRS 177.265 (providing that "[t]he appellate court of competent jurisdiction . . . may reverse, affirm, or modify the judgment appealed form, and may, if necessary or proper, order a new trial"). We agree. *See United States v. Tateo,* 377 U.S. 463, 466 (1964) ("It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction."); *Round Hill Gen. Improvement Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (mandamus available to control a manifest abuse or arbitrary or capricious exercise of discretion); *see also State v. Eighth Judicial Dist. Court (Armstrong),* 127 Nev., Adv. Op. 84, 267 P.3d 777, 780 (2011) ("An

_____

[2]"A nolo contendere plea is equivalent to a guilty plea." *State v. Lewis,* 124 Nev. 132, 133 n.1, 178 P.3d 146, 147 n.1 (2008).

[3]As we have concluded that the district court had jurisdiction to consider Roose's appeal based on a constitutional challenge to the justice court's sentencing policy, we do not consider the State's remaining arguments regarding the district court's jurisdiction.

[4]The State does not contest the district court's determination that Roose's constitutional rights were violated.

arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." (quotation marks and citation omitted)). Therefore, we grant the petition in part.

For the reasons stated above, we

ORDER the petition DENIED IN PART AND GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to strike the portion of its March 24, 2015, order that precludes a new trial and to remand the matter to the justice court, before a different justice of the peace, to allow Roose to withdraw his plea of nolo contendere.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Rob Bare, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Mueller Hinds & Associates
       Eighth District Court Clerk