**131 Nev., Advance Opinion 54**

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
MARIANN HARRIS,
Respondent.

No. 64913

FILED

JUL 30 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a prejudgment motion for a new trial. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

*Appeal is allowed to proceed.*

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Ryan J. MacDonald, Deputy District Attorney, Clark County,
for Appellant.

Philip J. Kohn, Public Defender, and Scott L. Coffee, Deputy Public Defender, Clark County,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, SAITTA, J.:

In this opinion, we consider whether this court has jurisdiction to review the State's appeal from an order granting a prejudgment motion

15-22991

for a new trial in a criminal matter. Because the plain language of NRS 177.015(1)(b) authorizes such an appeal, and because the unique policy concerns identified in our decision in *State v. Lewis*, 124 Nev. 132, 136, 178 P.3d 146, 148 (2008), do not apply, we hold that this court has jurisdiction to consider an appeal by the State from an order granting a prejudgment motion for a new trial.

## FACTUAL AND PROCEDURAL HISTORY

On October 2, 2013, a jury returned verdicts finding respondent Mariann Harris guilty of first-degree murder, child abuse and neglect with the use of a deadly weapon, and two counts of child abuse and neglect. Prior to sentencing, Harris filed a timely motion for a new trial, which the district court granted. Pursuant to NRS 177.015(1)(b), the State appealed from the order granting the motion for a new trial. Because this court has held that NRS 177.015(1)(b) only permits appeals from district court orders "resolving *post-conviction* motions for a new trial," *Lewis*, 124 Nev. at 136, 178 P.3d at 148, we ordered the State to show cause why the appeal should not be dismissed for lack of jurisdiction.

## DISCUSSION

The State argues that the *Lewis* holding is based on a rationale that has no application to its right to appeal in a criminal case. The State, therefore, requests this court to revisit *Lewis* as it relates to appeals from orders granting prejudgment motions for a new trial.

*The plain language of NRS 177.015 allows for the State to appeal any order granting a new trial*

Whether NRS 177.015(1)(b) authorizes the present appeal is an issue of statutory interpretation. "[W]hen the language of a statute is plain, its intention must be deduced from such language, and the court has no right to go beyond it." *State v. Colosimo*, 122 Nev. 950, 960, 142

P.3d 352, 359 (2006) (internal quotations omitted). "[P]rovisions within a statute must be interpreted harmoniously with one another in accordance with the general purpose of [the] statute[] and should not be read to produce unreasonable or absurd results." *Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1136 (2001).

NRS 177.015(1)(b) provides, in relevant part, that any aggrieved party, whether it is the State or the defendant, may appeal "from an order of the district court . . . granting or refusing a new trial." Thus, the plain language of NRS 177.015(1)(b) clearly authorizes an appeal from an order granting a motion for a new trial and does not limit the right to an appeal based on when the motion was filed or when the order resolving it was entered.

*State v. Lewis holds that NRS 177.015(1)(b) only authorizes appeals from post-conviction motions for a new trial*

This court has had a prior opportunity to consider the State's right to appeal pursuant to NRS 177.015(1)(b) from a prejudgment order granting relief. In *Lewis*, this court held that the State did not have a statutory right to appeal from an order granting a presentence motion to withdraw a guilty plea. 124 Nev. at 136, 178 P.3d at 148. In reaching this decision, the court observed that NRAP 3A, which governs civil appeals, used language similar to the provision in NRS 177.015(1)(b) regarding an appeal from an order granting or refusing a new trial and that the language in NRAP 3A had been interpreted to only allow for an appeal from an order denying a post-judgment motion for a new trial. 124 Nev. at 135, 178 P.3d at 148. Noting these similarities and that this court had treated a motion to withdraw a guilty plea as tantamount to a motion for a new trial, the *Lewis* court stated that it saw no reason to construe the

same language in NRS 177.015(1)(b) in an inconsistent manner. 124 Nev. at 134-36, 178 P.3d at 147-48.

The court further determined that "compelling policy justifications" supported a holding disfavoring appeals from intermediate orders and for requiring a final judgment "before this court is vested with jurisdiction." *Id.* at 136, 178 P.3d at 148. Those policy justifications include ensuring that there is a complete record for appellate review and "promoting judicial economy by avoiding . . . piecemeal" review of intermediate orders. *Id.* at 136, 178 P.3d at 148 (internal quotations omitted). Based on these policy justifications, this court held that, "pursuant to NRS 177.015(1)(b), [it] has authority to review determinations of the district court resolving *post-conviction* motions for a new trial, as well as post-conviction motions that are the 'functional equivalent' of a motion for a new trial" and determined that an order granting a prejudgment motion to withdraw a guilty plea is not appealable "because it is an intermediate order of the district court." *Id.* at 136, 137, 178 P.3d at 148, 149.

Lastly, the *Lewis* court addressed the State's argument that by refusing to hear an appeal from a district court order granting a presentence motion to withdraw, the State would be deprived of its right to appellate review of an erroneous decision by the district court because the State cannot appeal from an acquittal. 124 Nev. at 136-37, 178 P.3d at 149. The court noted that the district court has "vast discretion" in the grant or denial of a presentence motion to withdraw a guilty plea and found that the State "generally suffers no substantial prejudice" when a motion to withdraw a guilty plea is granted because "[t]he State may proceed to trial on the original charges or enter into a new plea bargain

with the defendant." *Id.* at 137, 178 P.3d at 149. Therefore, the court did not find the State's argument to be compelling. *Id.*

Thus, the rationale behind *Lewis* is that despite its plain language, NRS 177.015(1)(b) does not include intermediate orders, which it describes as any order entered before a judgment of conviction, because that would be inconsistent with the final judgment rule and the policy reasons supporting that rule. However, this rationale is less persuasive when applied to the unique policy considerations regarding presentencing orders granting a new trial in criminal cases and when considering the different effects of granting a motion to withdraw a guilty plea versus granting a motion for a new trial.

*The unique policy rationale regarding presentence orders granting a new trial in a criminal case shows that NRS 177.015(1)(b) should be interpreted differently than NRAP 3A(b)(2)*

In *Lewis*, the State argued, as it does here, that precluding the appeal would leave the State without a remedy when a motion is granted before judgment. 124 Nev. at 136-37, 178 P.3d at 149. In rejecting this argument, the *Lewis* court used a policy rationale that is specific to a motion to withdraw a guilty plea and inapplicable to a motion for a new trial. *Id.* at 137, 178 P.3d at 149. The *Lewis* court's primary focus was on the "vast discretion" that the district court has in deciding a motion to withdraw a guilty plea and the idea that the State suffers "no substantial prejudice" when a prejudgment motion to withdraw a guilty plea is granted because it "may proceed to trial on the original charges or enter into a new plea bargain." *Id.* But in focusing on considerations that are specific to a prejudgment motion to withdraw a guilty plea, the court lost sight of the appeal provision's context—a motion for a new trial. In that context, the district court has discretion in deciding the motion, but that

discretion is not as "vast" as with a prejudgment motion to withdraw a guilty plea, which may be granted for any reason that is fair and just. *See State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969) ("The granting of the motion to withdraw one's plea before sentencing is proper where for any substantial reason the granting of the privilege seems 'fair and just.'"); *see also* NRS 176.165. While this court suggested it would be a "rare circumstance[ ]" when the State could assert that a district court "has exceeded the broad boundaries of judicial discretion in allowing a defendant to withdraw a plea before sentencing," *Lewis*, 124 Nev. at 137, 178 P.3d at 149, it is significantly more likely that the State can demonstrate that a district court exceeded its discretion in granting a motion for a new trial, particularly given the potential injustice if the defendant obtains an acquittal following an improvidently granted new trial. And the prejudice to the State is far more substantial when a motion for a new trial is granted—the significant time and resources expended to conduct the first trial are wasted.

These interests outweigh the policy justifications that this court relied upon in *Lewis* to preclude the State from appealing a prejudgment order granting a new trial. The efficiency of the final judgment rule loses some weight when put against the costs, both financial and societal, of an improvidently granted new trial. In this respect, there is no valid reason to distinguish between an order granting a new trial that is entered before final judgment (not appealable after *Lewis*) and one entered after final judgment (appealable).

We therefore hold that because *Lewis* eliminates an appeal that the Legislature plainly afforded the State and because the rationale in *Lewis* is inapplicable to orders granting prejudgment motions for a new

trial, *Lewis* is overruled to the extent that it would not permit an appeal by the State from an order granting a prejudgment motion for a new trial.

*Lewis is not overturned in situations of an appeal of an interlocutory order denying a motion for a new trial*

We do not, however, extend our holding to authorize a defendant to appeal from a prejudgment order *denying* a motion for a new trial. A prejudgment order denying a motion for a new trial is an intermediate order that can be reviewed on appeal from the judgment of conviction. *See* NRS 177.045. Thus, concluding that NRS 177.015(1)(b) does not authorize an appeal from a prejudgment order denying a motion for a new trial will not eliminate a defendant's right to challenge the order; rather, it merely mandates how and when a defendant may challenge the order. In contrast, allowing a defendant to appeal from intermediate orders would cause confusion in the district court about its jurisdiction to proceed with sentencing and entry of the judgment, which could cause extensive, unnecessary delay in both. Thus, the policy considerations expressed in *Lewis* remain valid in that context, and we hold that *Lewis* should remain undisturbed as it applies to orders *denying* a prejudgment motion for a new trial.

## CONCLUSION

Because the plain language of NRS 177.015(1)(b) clearly authorizes an appeal from a prejudgment order granting a motion for a new trial and the *Lewis* rationale does not apply to a State's appeal in the criminal context from an order granting a motion for a new trial, we overrule *Lewis* to the extent that it prohibits the State from pursuing its

Supreme Court
of
Nevada

(O) 1947A

statutory right to appeal a prejudgment order granting a motion for a new trial. Therefore, we hold that this court has jurisdiction to hear the State's appeal of the district court's order granting Harris's motion for a new trial.

_____, J.
Saitta

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A