131 Nev., Advance Opinion 63

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>TERRANCE REED SMITH,<br>Respondent. | No. 66117 |



FILED

SEP 03 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

*Affirmed.*

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Jennifer P. Noble, Deputy District Attorney, Washoe County,
for Appellant.

Richard F. Cornell, Reno,
for Respondent.

---

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

*OPINION*[1]

PER CURIAM:

Terrance Smith pleaded no contest to one count of child abuse resulting in substantial bodily harm. The State argues that the district

---

[1]We originally affirmed the judgment of the district court in an unpublished order filed on April 15, 2015. Smith subsequently moved for publication of our disposition as an opinion. *See* NRAP 36(f). Cause appearing, we grant the motion and issue this opinion in place of our prior unpublished order.

 

15-26717

court abused its discretion when it found that the actions of the Washoe County Department of Social Services (DSS) coerced Smith into pleading no contest. We conclude that the district court did not abuse its discretion in concluding that those actions amounted to coercion and that Smith's no-contest plea was therefore involuntary.

## FACTS AND PROCEDURAL HISTORY

Smith's two-month-old daughter suffered a spiral fracture of her femur on November 30, 2010, purportedly while in Smith's care. Smith has always maintained his innocence of child abuse, but DSS concluded that Smith broke the leg in an act of child abuse and sought and obtained legal custody over the infant. Smith's wife often had physical custody of their daughter, but at times DSS sought and/or obtained physical custody of the infant and placed her in foster care. As noted in the district court order partially granting Smith's habeas petition, DSS indicated that it would consent to returning both physical and legal custody to Smith's wife but that doing so "was solely dependent upon [Smith's] incarceration." Indeed, after Smith was sentenced to prison in May 2012, DSS closed the case and returned legal and physical custody of the infant to Smith's wife.

Smith filed a timely post-conviction petition for a writ of habeas corpus in which he argued that he should be allowed to withdraw his no-contest plea because it was coerced and thus not voluntary. Based on the facts above, the district court concluded that Smith was coerced into pleading no contest and issued an order partially granting the petition, directing the judgment of conviction and sentence be set aside, and concluding that he be allowed to withdraw his no-contest plea. The State appeals.

## DISCUSSION

The State argues on appeal that the district court abused its discretion when it found that DSS's legal, constitutional actions amounted to coercion and concluded that Smith was entitled to withdraw his plea. A no-contest plea is presumed valid, and Smith bore the burden below of demonstrating that it was not entered into knowingly, voluntarily, and intelligently. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), *limited on other grounds by Smith v. State*, 110 Nev. 1009, 1010 n.1, 879 P.2d 60, 61 n.1 (1994); *see also State v. Lewis*, 124 Nev. 132, 133 n.1, 178 P.3d 146, 147 n.1 (2008) (noting that a no-contest plea is equivalent to a guilty plea insofar as how the court treats a defendant). We "presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion." *Bryant*, 102 Nev. at 272, 721 P.2d at 368. "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).

The State first argues that the district court ignored important facts regarding Smith's behavior and compliance with DSS and regarding DSS's intent to protect the child. In a post-conviction proceeding, it is the province of the district court to weigh the evidence and state the facts as it found them. *See Bryant*, 102 Nev. at 272, 721 P.2d at 367-68 (noting the factual nature of an invalid-plea claim and that it is "the duty of the trial court to review the entire record to determine whether the plea was valid"). And this court defers to factual findings of the district court. *Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994). The district court received the evidence to which the State refers

yet still came to the findings to which the State objects. The State points to nothing to suggest that the district court ignored the evidence and has thus not demonstrated that the decision constituted an abuse of discretion.

The State next argues that the plea was not coerced just because it was motivated by a desire to avoid a more serious consequence. The district court specifically found, however, that there was no evidence to support the theory that Smith entered the no-contest plea to avoid a greater charge or to get a lesser penalty. Rather, the district court found that Smith's plea was motivated by the "unique" circumstances of DSS's "inflexible," "unyielding," and "uncompromising" position in his family court case. The district court's findings are supported by the record, and accordingly, were not an abuse of discretion.

The State finally argues that nothing about DSS's actions were unconstitutional and implies that constitutional, lawful actions of an agency cannot amount to coercion. In support, the State cites only to *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986), but that case tends to support the opposite conclusion. The defendant in *Iaea* argued that his guilty plea was coerced by a threat from his brother to withdraw bail and a threat from his counsel to withdraw from the case if he took it to trial. *Id.* at 866-67. The United States Court of Appeals for the Ninth Circuit observed that voluntariness is determined based on an examination of the totality of the circumstances and, therefore, "[w]hen a guilty plea is challenged as being the product of coercion, [the court's] concern is not solely with the subjective state of mind of the defendant, but also with the constitutional acceptability of the external forces inducing the guilty plea." *Id.* at 866. The reference to the "constitutional acceptability of the external forces inducing the guilty plea" does not relate to the constitutionality of the

external forces in isolation but instead relates to whether the external forces, such as promises or threats, deprived the plea of the nature of a voluntary act, making the plea involuntary. *See id.* at 866-67. This is reflected in the Ninth Circuit's decision to remand in *Iaea* for the federal district court to determine whether the threats were made and, if so, to consider their coercive impact on the voluntariness of the plea, without finding that either challenged action was unconstitutional. *Id.* at 867-68. *Iaea* thus suggests that actions that may be lawful and constitutional can nevertheless be unduly coercive and thereby render a plea involuntary. The State has therefore failed to demonstrate that the district court abused its discretion in partially granting the petition. We therefore affirm.[2]

_____, J.
Saitta

_____, J.          _____, J.
Gibbons                                Pickering

---

[2]The State takes issue with Smith's argument below that his plea was similar to package plea deals where a defendant pleads guilty in order to benefit a third party. The State argues that the two situations are not analogous. As the district court did not base its decision on Smith's analogy, the State's argument need not be addressed.