IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO L.J.A., A MINOR.

No. 72324

FILED

SEP 19 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

ROBERT A.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES,
Respondent.

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO L.J.A., A MINOR.

No. 72330

KATIE M.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES,
Respondent.

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court order terminating appellants' parental rights as to the minor child. Eighth Judicial District Court, Family Court Division, Clark County; Frank P. Sullivan, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, risk of serious injury to the child

17-31593

if the child is returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

Appellant Robert A. first argues that the district court violated his due process rights when the same district court judge presided over both the parental rights termination proceeding and the juvenile proceeding that placed the minor child in the state's protective custody. The assignment of the termination proceeding to the district court judge who presided over the juvenile proceeding was appropriate under Nevada's one judge, one family rule, NRS 3.025(3), and EDCR 5.42 (repealed Jan. 27, 2017, replaced with EDCR 5.103). While EDCR 5.42 allows newly filed NRS Chapter 432B actions to be directly assigned to the juvenile department, NRS Chapter 128 actions to terminate parental rights are not exempted under EDCR 5.42, and thus, assignment of the termination action to the same judge who presided over the NRS Chapter 432B action is appropriate. Further, having the same judge hear both cases does not violate a parent's due process rights. *In re Custody of D.A.*, 189 P.3d 631, 638 (Mont. 2008) (concluding that a parent's due process rights are not violated when the court first approves a recommendation for termination of parental rights in the juvenile proceeding and then terminates parental rights in a separate action); *see also In re Quick*, 559 A.2d 42, 47 (Pa. Super. Ct. 1989) (explaining that such an assignment of cases benefits the parent because the district court judge will have the benefit of recall of the juvenile hearing to ensure "the record is full and complete so that termination will not be granted if the agency is overreaching").

Next, both appellants contend that the district court's factual findings regarding parental fault are not supported by substantial evidence. Having reviewed the record, we disagree and conclude that substantial evidence supports the district court's parental fault findings that appellants neglected the child, are unfit parents, and demonstrated only token efforts. *See* NRS 128.105(1). A child is neglected when the child lacks "proper parental care by reason of the fault or habits of his or her parent." NRS 128.014(1). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. When a child has been out of the parent's care for 14 months of any 20 consecutive months, it is presumed that the parent has demonstrated only token efforts to care for the child. NRS 128.109(1)(a).

The child was removed from appellants' care when he was nine days old after suffering a traumatic brain injury that placed him in a semi-vegetative state and rendered him blind. Both appellants argue that there was no evidence they caused the child's injuries and that the district court erred by relying solely on their no contest pleas in the juvenile matter to establish that they caused the child's injuries.[1] Further, appellants contend

---

[1]To the extent appellants are challenging the juvenile court's conclusion that they caused the child's injuries, because they both pleaded no contest to the allegations in the protective custody petition, they cannot now challenge the juvenile court's conclusion. *State v. Lewis*, 124 Nev. 132, 133 n.1, 178 P.3d 146, 147 n.1 (2008) (noting that a no contest plea is equivalent to a guilty plea insofar as how the court treats a defendant).

Additionally, to the extent appellants challenge the district court's judicial notice of documents from the juvenile proceeding and of the order terminating appellants' parental rights as to the child's sibling, we conclude the court did not err in taking judicial notice. NRS 47.150; *Occhiuto v.*

that the district court prevented them from admitting evidence that they did not cause the injuries, but neither attempted to admit any such evidence at the termination trial. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal."). The evidence in the record on appeal demonstrates that the child's injuries were caused by a sheering or shaking event while he was in the care and control of appellants. Appellants had been convicted of felony child abuse only eight months earlier after another one of their children, who was three-months old at the time, suffered burns to the head and feet as well as more than 25 fractures on various parts of his body that were in different stages of healing, which indicated multiple actions of abuse. *See* NRS 128.106(1)(f), (g) (providing that "[i]n determining neglect by or unfitness of a parent, the court shall consider" evidence of a felony conviction that indicates the unfitness of the parent and evidence that the child's sibling suffered physical injury resulting in substantial bodily harm that "would not have occurred absent abuse or neglect of the child by the parent"). Thus, the district court did not err in finding by clear and convincing evidence that appellants neglected the child and are unfit parents.

At the time of the termination trial, the child who is the subject of these appeals has been out of appellants' care for 16 months, and while appellants had visited the child during that time, they failed to provide sufficient evidence to rebut the presumption that they made only token

*Occhiuto*, 97 Nev. 143, 145, 625 P.2d 568, 569 (1981) (explaining that judicial notice may be appropriate when there is a close relationship between the underlying case and the proceeding that is the subject of the judicial notice).

efforts to prevent the neglect of the child, to avoid being unfit parents, or to eliminate the risk of injury to the child. *In re Parental Rights as to A.P.M.*, 131 Nev., Adv. Op. 66, 356 P.3d 499, 504 (2015) (explaining that the presumption applies if "the 14-month threshold has been met in less than 20 months"); *In re Parental Rights as to M.F.*, 132 Nev., Adv. Op. 19, 371 P.3d 995, 1001 (2016) (providing that a parent must rebut the presumption by a preponderance of evidence). While appellant Katie M. argues that her incarceration seven months after the child's removal precluded her from making efforts to prevent the neglect of the child or to eliminate the risk of injury to the child, the record demonstrates that she failed to make more than token efforts before her incarceration. Thus, substantial evidence supports the district court's finding that appellants neglected the child, are unfit parents, and demonstrated only token efforts.[2]

Finally, appellants contend that there was insufficient evidence to show that termination was in the child's best interest. We conclude, however, that substantial evidence supports the district court's finding that termination of appellants' parental rights are in the child's best interest. Appellants failed to rebut the presumption that because the child has resided outside of their care for 14 of 20 consecutive months, termination was in the child's best interest. NRS 128.109(2). Additionally, the record establishes that the child will have long-term, substantial medical needs and has been placed with a potential adoptive parent who is a registered

---

[2]Because only one ground of parental fault finding is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

nurse and is able and willing to meet those needs. For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Frank P. Sullivan, District Judge, Family Court Division
The Grigsby Law Group
Christopher R. Tilman
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

---

[3]We conclude appellants' additional arguments lack merit. Appellants have waived their argument that the district court lacked the authority to grant respondent's motion to waive reasonable efforts because they did not present that argument below, *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983, and regardless, any such argument should have been directed to the juvenile court in the protective custody proceeding. Additionally, the district court did not abuse its discretion by denying appellants' request to continue the termination trial until after their criminal trial because the child's stability weighed in favor of the denial. *Bongiovi v. Sullivan*, 122 Nev. 556, 570, 138 P.3d 433, 444 (2006) (explaining that this court reviews the district court's decision on a motion for a continuance for an abuse of discretion).