STATE OF NEVADA, PETITIONER, *v.* SECOND
JUDICIAL DISTRICT COURT, RESPONDENT.

No. 5862

June 16, 1969          455 P.2d 923

*William J. Raggio,* District Attorney, and *C. Frederick Pinkerton,* Deputy District Attorney, Washoe County, for Petitioner.

*James W. Johnson, Jr.,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

Petitioner seeks review by writ of certiorari of an order of the lower court dismissing a felony burglary charge against Robert James Bernardelli. We conclude the application should be treated as an appeal, reverse the lower court's ruling and remand the case for further proceedings.

Petitioner sought and we improvidently granted a writ of certiorari, to review the action of the lower court in dismissing, of its own motion, a felony burglary charge.

Robert James Bernardelli, "one of five of the best gunsmiths west of the Rocky Mountains," worked for Juenke-Saturn, Inc. of Reno. While in that company's employ, he invented certain gunsmith tools. When his employment with that company ended, he sought to take the tools, but was repulsed on the grounds they belonged to the company because invented on its time. Bernardelli brooded about that circumstance and later, while drinking with his brother, Edward, decided to break in the gun shop and retrieve the tools. Unbeknown to them, a burglary alarm system had been installed, which they tripped. The police arrested them inside the building.

On October 2, 1968, a criminal complaint was filed charging both defendants with Burglary. Edward waived preliminary hearing, entered a plea of guilty, and received probation.

Robert initially pleaded not guilty, but subsequently changed his plea to guilty also.

At the sentencing hearing, Robert's counsel asked that imposition of sentence be stayed until he could apply to the board of pardons for relief, because his client, who he represented

had no prior criminal record, if convicted of a felony would lose his license to receive gun parts under the State Firearms Control Assistance Act and be deprived of his ability to earn a living for himself and his family.

The trial judge, having the probation report before him, noted that Robert had no prior criminal record and suggested that if counsel moved to withdraw the plea of guilty and dismiss the action, he would grant the request. The motions were made, and over the district attorney's objection both motions were granted.

The issues for us to decide in this case are these:

I.   Is the petition for writ of review the proper method for challenging the order of the lower court?

II.   Did the lower court exceed its jurisdiction when it ordered the criminal information dismissed?

III.   Did the court err in allowing the respondent to withdraw his plea of guilty?

1.   The writ of review (certiorari) is not the proper remedy in this case. NRS 34.020(2) provides as follows:

"The writ shall be granted in all cases when an inferior tribunal, board or officer, exercising judicial functions, has *exceeded the jurisdiction* of such tribunal, board or officer and there is *no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.*" (Emphasis added.)

In Mack v. District Court, 50 Nev. 318, 258 P. 289 (1927), the court held that:

"Under our statute, . . . three concurring requisites are essential to the issuance of the writ of certiorari: (1) An excess of jurisdiction by the inferior tribunal, board, or officer exercising judicial functions; (2) the absence of an appeal; and (3) where, in the judgment of the court, there is no plain, speedy and adequate remedy. Under like provisions contained in the code of civil procedure of California it is held that if any one of the essentials mentioned is missing the writ will not lie." Accord: Schumacher v. District Court, 77 Nev. 408, 365 P.2d 646 (1961); Gaming Control Bd. v. District Court, 82 Nev. 38, 409 P.2d 974 (1966); United Ass'n of Journeymen v. District Court, 82 Nev. 103, 412 P.2d 352 (1966); Dickerson v. District Court, 82 Nev. 234, 414 P.2d 946 (1966).

The order of the lower court in dismissing the criminal information was an appealable order, and for that reason a writ of certiorari will not lie. NRS 177.015 provides, in part, as follows:

"The party aggrieved in a criminal action, *whether that party be the state or the defendant,* may appeal as follows:

. . . .

2.   To the supreme court from:

. . . .

(b) An order of the district court *granting a motion to dismiss,* a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial." (Emphasis added.)

However, because we improvidently granted the writ, thereby prejudicing the State in its right of appeal by setting the hearing after the time for appeal had expired, we will treat the application as an appeal. In a case presenting a similar situation, Dickerson v. District Court, supra, at page 236, we held, ". . . justice demands that we excuse the petitioner's failure to proceed by appeal."

2.   Prior to 1967, a district court in Nevada could of its own motion "and in furtherance of justice" order any indictment or information dismissed. In 1967, the legislature repealed NRS 178.510[1] and enacted NRS 178.554[2] which provides as follows:

"The district attorney, or the attorney general in those cases which have been initiated by him, may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."[3] The lower court was in error by dismissing the criminal information.

3.   Was the lower court in error in allowing Robert to withdraw his guilty plea also? We think not.

NRS 176.165 provides that:

"Except as provided in NRS 176.225, a motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

---

[1]Statutes of Nevada, 1967, Chapter 523, Section 447.

[2]Statutes of Nevada, 1967, Chapter 523, Section 367.

[3]This case concerns only a dismissal under the quoted statute.

The above statute was taken from and is substantially the same as Rule 32(d), Fed.Rules Crim.Proc. The action of the lower court is discretionary and will not be reversed unless there has been a clear abuse of that discretion. Gearhart v. United States, 272 F.2d 499 (D.C.Cir. 1959); Bergen v. United States, 145 F.2d 181 (8th Cir. 1944). The granting of the motion to withdraw one's plea before sentencing is proper where for any substantial reason the granting of the privilege seems "fair and just." Gearhart v. United States, supra. It is even held in Woodring v. United States, 248 F.2d 166 (8th Cir. 1957): "The question of a *defendant's guilt or innocence is not an issue* on a motion under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for leave to withdraw a plea of guilty. . . ." (Emphasis added.) See also United States v. Paglia, 190 F.2d 445 (2d Cir. 1951).

Accordingly, the order of dismissal by the lower court is reversed. Robert James Bernardelli shall be retaken into custody by issuance of a bench warrant and he shall stand before the district court on his plea of not guilty.

ZENOFF, BATJER, and THOMPSON, JJ., and BABCOCK, D. J., concur.