## DONALD ALBERT FERRIS, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 14446

March 14, 1984

677 P.2d 1066

*Thomas E. Perkins,* State Public Defender, and *Laura Fitz-Simmons,* Deputy State Public Defender, Carson City for Appellant.

*Brian McKay,* Attorney General, *William Maddox,* District Attorney, and *Charles P. Cockerill,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a plea bargain, appellant pleaded guilty to one count of possession of a controlled substance. In exchange, the state agreed to dismiss several other essentially unrelated charges against appellant. Appellant's presentence report,

however, contained a detailed description of the facts under-lying two of the dismissed charges under the "offense" section of that document. Prior to sentencing, appellant moved to strike this portion of the presentence report as being irrelevant to the charge for which he was being sentenced. The district court denied the motion, ruling that the challenged informa-tion should not have been included under the offense section of the report, but that it was nevertheless properly included within the presentence report itself as it related to appellant's back-ground or character. *See* NRS 176.145.[1] Appellant now con-tends that the district court erred in denying his motion to strike the challenged information. We disagree.

We note at the outset that the district court was correct in its observation that a presentence report may include information pertaining to prior acts for which no conviction has been obtained, provided that the information is not "founded on facts supported only by impalpable or highly suspect evidence . . . ." Silks v. State, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976); *see* Goodson v. State, 98 Nev. 493, 654 P.2d 1006 (1982). The information in the present case was based upon reliable information given to police officers by one of the vic-tims of the acts in question, and therefore did not violate the rule set forth in *Silks* and *Goodson.*

Appellant argues that when the state agrees to dismiss charges in exchange for a guilty plea to a separate, unrelated charge, the state should not be allowed to include information in the presentence report pertaining to the dismissed charges. Appellant's argument is based on considerations expressed in People v. Harvey, 602 P.2d 396 (Cal. 1979). In *Harvey,* the court held that implicit in such a plea bargain is the under-standing that the defendant will suffer no adverse consequences by reason of the facts relating to the dismissed count.

We reject the *Harvey* decision, and we decline to imply such an understanding into plea bargains. Such an implied under-standing would ignore the practicality of a district judge's involvement in the entry of the guilty plea. The district judge who sentences a defendant is usually the same district judge who accepted the guilty plea, and the judge already knows that

---

[1]NRS 176.145 provides in part that:

The report of the presentence investigation must contain:

1.   Any prior criminal record of the defendant;

2.   Such information about his characteristics, his financial con-dition, the circumstances affecting his behavior and the circum-stances of the offense as may be helpful in imposing sentence . . . .

charges have been dismissed in exchange for the plea. Furthermore, because of allegations contained in the charging document, the judge is also already aware of the nature of the dismissed charges.

In addition, a presentence report may include information pertaining to criminal offenses which have not been charged. *See* Silks v. State, *supra*. The state should not be placed in a worse position, absent an agreement to the contrary, merely because the state has included those offenses in a charging document and then dismissed the charges as part of a plea bargain.

Finally, we note that NRS 176.145, *supra* note 1, is mandatory in its requirement that the presentence report contain information about a defendant's characteristics and the circumstances affecting his behavior. The state might be able to agree to waive that requirement, in part, as to information relating to known criminal activity of a defendant. If the state has agreed to omit information from a presentence report, however, there is no compelling reason why such an agreement should not be an expressed part of the plea bargain. We decline to imply such an agreement as the court did in *Harvey*.

Affirmed.