KENNETH E. JEZIERSKI, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 21214

June 6, 1991                                    812 P.2d 355

*Schieck & Derke*, Las Vegas, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Rex Bell*, District Attorney, and *James Tufteland*, Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

On December 12, 1989, Mr. Jezierski was charged, by way of information, with three counts of child abuse with substantial bodily harm, one count of child abuse with substantial mental injury, and one count of sexual assault of a minor under fourteen years of age. On January 23, 1990, pursuant to a plea negotiation, Jezierski plead guilty to one count of child abuse with substantial bodily harm.

Prior to sentencing, Jezierski made a motion to withdraw his plea. Mr. Jezierski did not understand that the allegations made in connection with the dismissed counts could be considered in sentencing him. The court denied Jezierski's motion and sentenced him to twelve years.

The State suggests that this case is controlled by Ferris v. State, 100 Nev. 162, 677 P.2d 1066 (1984). In *Ferris,* appellant moved to strike that portion of the presentence report pertaining to two of the dismissed charges. This court held that absent an agreement to the contrary, the State may include information in a presentence report pertaining to dismissed charges. *Ferris,* 100 Nev. at 163-164, 677 P.2d at 1067. Unlike *Ferris,* however, the present case does not involve a motion to strike portions of the presentence report; rather, it involves a pre-sentence request to withdraw a guilty plea.

Mr. Jezierski entered a plea without being properly informed of the consequences. Pleading guilty to one count as part of a negotiated agreement, Mr. Jezierski was suddenly surprised to learn that the dismissed counts could be used against him anyway. Mr. Jezierski promptly attempted to withdraw the plea before sentencing. He was denied that opportunity.

Mr. Jezierski should have been allowed to withdraw the plea. No public policy supports binding a defendant to his plea where the plea was made under misconception, and where the State has not yet been prejudiced. Such a result is not mandated by *Ferris.*

For the foregoing reasons, we reverse the judgment of conviction and remand for trial on all counts.

SPRINGER and ROSE, JJ., concur.

Young, J., with whom Steffen, J. joins, dissenting:

Appellant was charged with five counts of child abuse. Four of the charges were dismissed in return for a guilty plea. The State also agreed not to make any sentencing recommendation. During the court's canvass prior to the entry of appellant's plea, defense counsel informed the court that: "One of the reasons he is pleading guilty to this offense would be so that he does not stand trial on the other offenses which carry additional and greater penalties." Appellant then informed the court that his plea was freely and voluntarily given. He acknowledged that he faced a sentence of up to twenty years imprisonment. The court accepted his plea.

Prior to sentencing, appellant learned that the four dismissed charges could be considered by the court in passing sentence. He then moved to withdraw his plea. The court denied this motion and sentenced appellant to twelve years in the Nevada State Prison.

Appellant now argues that his guilty plea was not entered knowingly and voluntarily because he was unaware that the dismissed charges would be included in his pre-sentence report. We have previously held that a pre-sentence report may contain information concerning charges dismissed pursuant to a plea bargain. Ferris v. State, 100 Nev. 162, 163, 677 P.2d 1066, 1066 (1984).

A plea of guilty is presumptively valid, particularly where it is entered into on the advice of counsel. Wingfield v. State, 91 Nev. 336, 337, 535 P.2d 1295, 1295-96 (1975). Upon a motion for withdrawal, the defendant has the burden of proving that the plea was not entered knowingly or voluntarily. Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); Wynn v. State, 96 Nev. 673, 675, 615 P.2d 946, 947 (1980). A motion to withdraw a guilty plea is addressed to the discretion of the trial court and should not be disturbed on appeal absent a clear showing of an abuse of discretion. Bryant, 102 Nev. at 272, 721 P.2d at 368; State v. Adams, 94 Nev. 503, 505, 581 P.2d 868, 869 (1978).

Appellant's assertion that he was unaware that the court could consider the dismissed charges in passing sentence defies reality. In all but a few cases, the judge who accepts the plea is the same person who passes sentence. Even absent mention of dismissed charges in a pre-sentence report, the judge will probably be aware of them. Any understanding to the contrary "would ignore the practicality of a district judge's involvement in the entry of the guilty plea." Ferris, 100 Nev. at 163, 677 P.2d at 1067. Sentencing pursuant to a guilty plea is vested in the court as a discretionary function. Full knowledge of the facts of the case, including the defendant's character and potential for further harm to soci-

ety, constitutes the foundation for this discretionary authority. Appellant would have the judge suffer amnesia as to what transpired prior to the moment the guilty plea is entered. The human mind does not function this way and, surely, our criminal justice system cannot.

One element considered in deciding whether a guilty plea is voluntarily made is whether the defendant has an adequate appreciation of the possible sentence that could be imposed. Taylor v. Warden, 96 Nev. 272, 275, 607 P.2d 587, 589 (1980). The record reveals that appellant had such an understanding. When appellant entered his plea, he acknowledged that the court could impose a sentence of up to twenty years. The Department of Probation and Parole recommended a twenty year sentence. Appellant received a twelve year sentence. This reinforces my opinion that appellant's plea was entered knowingly and voluntarily.

Appellant also asserts that he misunderstood the substantial bodily harm element of the crime to which he pled. This court has held that a defendant need only understand the essential nature of the charges against him. Such an understanding does not always require that a defendant express an understanding of, or admit to, every specific element of the crime charged. *Bryant,* 102 Nev. at 273,721 P.2d at 368. In this case, the record reveals that appellant not only knew the nature of the charge, but that he fully understood the substantial bodily harm element. The element was defined for appellant as "prolonged physical pain or impairment of bodily function." The child abuse charge to which appellant pled guilty involved his using a scouring pad to scrub a young boy's cheek. After the substantial bodily harm element was defined to appellant, he told the court: "I used the abrasive side of the sponge which caused the severe scratches and caused Andy to cry." This admission demonstrates sufficient understanding of the offense for the court to have accepted the plea.

My brethren in the majority state that "public policy" does not support binding a defendant to his plea where the plea was made under misconception and where the State has not yet been prejudiced. The record in this case does not reflect that appellant was acting on the basis of any misconception when he entered his plea. He faced the likelihood of twenty years imprisonment and received substantially less. If he had gone to trial on all five charges, he faced the possibility of multiple life sentences. Appellant struck what many experienced practitioners would consider a "deal" with the State. I am at a loss to understand why he now seeks to renege and face a potentially harsher punishment.

I also disagree with the majority's assertion that no prejudice occurs when a defendant is allowed to withdraw a guilty plea

prior to sentencing. The State *is* prejudiced when defendants are freely allowed to withdraw guilty pleas any time they have second thoughts about the arrangement. Plea bargaining in our judicial system is virtually a necessity. It is largely justified in terms of keeping the wheels of the system turning. If defendants are allowed to freely change their minds after a plea is entered, the time and resource-saving rationales of the plea bargaining system are defeated.

The majority opinion in this case sets a dangerous precedent. It opens the door to a multiplicity of appeals based upon claims by defendants that they were unaware of what the court may consider in passing sentence. I must therefore respectfully dissent.