PAULA MAE MITCHELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 22262

March 18, 1993                                        848 P.2d 1060

*Patricia M. Erickson,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On April 27, 1990, appellant Paula Mae Mitchell was arrested at an apartment complex by an officer of the Las Vegas Metropolitan Police Department. In his arrest report, the officer stated:

> Upon arrival I found a female subject, who verbally identified herself as Paula M. Mitchell . . . . The residents, Brandon Page and Kathryn Lovejoy were detaining Mitchell. Page said that he and Lovejoy were asleep and woke up when they heard some coins jingling on the counter. They found Mitchell in the apartment and detained her until I arrived.
>
> Mitchell then stated that she was the maid for the apartment complex. She said that she was sorry for entering the apartment and that she shouldn't have done it. She said that she had been walking past the apartment window and saw some change and a pack of cigarettes laying on the counter. She then entered the apartment with her maids [sic] master key and was caught when the resident woke up.

The state charged appellant in a criminal complaint with one count of burglary. At the preliminary hearing, the deputy public

defender representing appellant informed the justice of the peace that the case had been negotiated, and that appellant had agreed to plead guilty to one count of attempted burglary. On August 7, 1990, the state filed an amended information charging appellant with one count of attempted burglary. At appellant's arraignment on August 7, 1990, the district court questioned appellant extensively about her understanding of the charge and the voluntariness with which she entered her plea. At the end of the arraignment, the district court accepted appellant's plea of guilty.

Prior to sentencing, on November 20, 1990, appellant filed a motion through counsel to withdraw her guilty plea. Attached to the motion was an affidavit of defense counsel in which counsel stated that immediately after appellant entered her plea, she notified counsel that she had misunderstood the negotiations and did not understand that she would be giving up her right to trial. Counsel further stated that appellant so notified counsel long before appellant had been interviewed by the Department of Probation and Parole, and before any recommendation had been made by the department to the district court. Also attached to the motion was a letter written by appellant explaining in broken English that she was a maid at the apartment complex and had a master key to every room. The buildings of the complex were designated A, B, C, etc., and the rooms within each building were numbered identically. On the day in question, appellant was given a list of rooms to clean. Appellant accidentally went to an apartment which corresponded to a number on her list, but was in the wrong building. When she entered the apartment, it appeared to be vacant. Tenants sometimes leave loose change in the apartments when they vacate them, and when appellant saw some loose change, she assumed that it had been left by the tenants. After she had been in the apartment just a few minutes and had touched nothing but the loose change, she realized that the apartment was still occupied. Appellant realized that she had mistakenly entered the wrong apartment, but no one would allow her to explain. One occupant of the apartment held her at gun point until the police arrived. Appellant stated that she never had an opportunity to speak with her public defender about what really happened because he never had time. Appellant emphasized that she had simply entered the apartment by mistake and had not entered with the intention to commit a crime.

The state opposed appellant's motion to withdraw her guilty plea. After a hearing, the district court denied appellant's motion.

On April 24, 1991, the district court entered a judgment of conviction of one count of attempted burglary and sentenced appellant to serve a term of one year in the Nevada State Prison.

The district court suspended the sentence and placed appellant on probation for a period not to exceed one year. This appeal followed.

Appellant contends that the district court abused its discretion in denying her motion to withdraw her guilty plea. Specifically, appellant argues that the district court failed to review the entire record in deciding whether to allow appellant to withdraw her plea, and that in doing so, the district court failed to perform its duty as set forth by this court in Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986). The state contends that a review of the plea canvass alone may be sufficient.

NRS 176.165 provides:

> Except as otherwise provided in this section, a motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended. To correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

In Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986), this court set forth the standard for reviewing challenges to the validity of a guilty plea. This court stated:

> Accordingly, in the future we will no longer permit a defendant to challenge the validity of a guilty plea on direct appeal from the judgment of conviction. Instead, a defendant must raise a challenge to the validity of his or her guilty plea in the district court in the first instance, either by bringing a motion to withdraw the guilty plea, or by initiating a post-conviction proceeding under NRS 34.360 or NRS 177.315. *It shall then be the duty of the trial court to review the entire record to determine whether the plea was valid, either by reason of the plea canvass itself or under a totality of the circumstances approach.* As we have held in the past, the trial court should view the guilty plea as presumptively valid and the burden should be on the defendant to establish that the plea was not entered knowingly and intelligently. *See generally* Wingfield v. State, 91 Nev. 336, 535 P.2d 1295 (1975). On appeal from the district court's determination, we will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the district court's determination absent a clear showing of an abuse of discretion.

*Bryant,* 102 Nev. at 272, 721 P.2d at 367-68 (emphasis added).

Pursuant to *Bryant,* when a defendant brings a motion to

withdraw a guilty plea, the trial court has a duty to review the entire record to determine whether the plea was valid. A district court may not simply review the plea canvass in a vacuum, conclude that it indicates that the defendant understood what she was doing, and use that conclusion as the sole basis for denying a motion to withdraw a guilty plea.

Under the circumstances of this case, it was a clear abuse of discretion for the district court to deny appellant's motion to withdraw her guilty plea. Appellant provided the court with a credible story explaining her actions and denying any criminal intent, and only a very minor amount of money was involved. Moreover, appellant filed her motion to withdraw her plea before sentencing, thereby avoiding any prejudice to the state. *See* Jezierski v. State, 107 Nev. 395, 812 P.2d 355 (1991). Thus, viewing the record as a whole, especially in light of appellant's credible claim of factual innocence and the lack of prejudice to the state, we conclude that it was a clear abuse of discretion for the district court to deny appellant's motion to withdraw her guilty plea.

Accordingly, we reverse the order of the district court denying appellant's motion to withdraw her guilty plea, and remand this case to the district court for further proceedings.[1]

[1]The Honorable Miriam Shearing, Justice, did not participate in the decision of this appeal.