SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* JANICE K. GILLOCK, Respondent.

No. 27825

February 29, 1996                                    912 P.2d 274

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Appellant.

*Dominic P. Gentile,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

This is a sheriff's appeal from an order of the district court granting in part and denying in part respondent's pretrial petition for a writ of habeas corpus.

On October 21, 1994, there was an altercation between respondent and another woman in a Las Vegas restaurant, during which the other woman received serious cuts to the face from a drinking water glass allegedly held by respondent. On July 28, 1995, after respondent's appearance before a grand jury, an indictment was filed charging her with one count of battery with the use of a deadly weapon and one count of battery causing substantial bodily harm without use of a deadly weapon. *See* NRS 200.481(2)(e); NRS 200.481(2)(b). Respondent filed in the district court a pretrial petition for a writ of habeas corpus. On November 6, 1995, after conducting a hearing and receiving briefs on the petition, the district court entered an order granting the petition as to count I, battery with use of a deadly weapon, and dismissing that count. The district court denied the petition as to count II, battery causing substantial bodily harm without use of a deadly weapon. This is a sheriff's appeal from that order.

Respondent has filed a motion to dismiss this appeal. Respondent contends that this court lacks jurisdiction to entertain this appeal because no statute or court rule provides for an appeal from an order granting in part a pretrial petition for a writ of habeas corpus. We disagree. NRS 34.575(2) provides for an appeal from an order of the district court granting a writ of habeas corpus and ordering a "discharge or a change in custody of the petitioner. . . ." Dismissal of a count constitutes a change in custody of a petitioner, because after the dismissal he or she is no longer in custody on the same charge or charges. Further, appeals from district court orders dismissing charges are anticipated in NRS 34.575(3), which sets forth the duties of the district court clerk in an appeal "from an order of the district court

discharging a petitioner . . . after granting a pretrial petition for habeas corpus based on alleged want of probable cause, or otherwise challenging the court's right or jurisdiction to proceed to trial of a criminal charge . . . ." Moreover, permitting sheriff's appeals from orders granting pretrial habeas corpus relief as to some but not all charges effectuates the clear purpose of the statute: to permit the state to challenge district court orders granting pretrial habeas corpus relief.

Respondent further contends that consideration of this appeal is improvident because it would lead to piecemeal litigation and unnecessary postponement of the petitioner's trial. This contention also lacks merit. Regardless of the number of charges in the charging document, the state may appeal only from district court orders granting habeas corpus relief. It is unlikely that a district court would enter a succession of such orders. Respondent's citations to this court's pronouncements regarding piecemeal litigation and appealability in civil cases are not relevant here. *Cf.* Mallin v. Farmers Insurance Exchange, 106 Nev. 606, 797 P.2d 978 (1990); Hallicrafters Co. v. Moore, 102 Nev. 526, 728 P.2d 441 (1986). Accordingly, we deny the motion to dismiss.

Regarding the merits of this appeal, we have previously held that "[a]bsent a showing of substantial error on the part of the district court in reaching such determinations, this court will not overturn the granting of pretrial habeas petitions for lack of probable cause." Sheriff v. Provenza, 97 Nev. 346, 347, 630 P.2d 265, 265 (1981). The state has not shown that the district court erred in finding that a water glass is not a deadly weapon and that the state therefore did not present sufficient evidence to the grand jury to establish probable cause that respondent committed a battery with the use of a deadly weapon. *See* NRS 200.481(2)(e). Respondent must still stand trial on the charge of battery causing substantial bodily harm without use of a deadly weapon. *See* NRS 200.481(2)(b). Accordingly, we affirm the order of the district court granting in part and denying in part respondent's pretrial petition for a writ of habeas corpus.