**131 Nev., Advance Opinion 61**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOSEPH JAMIL STEVENSON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62965<br><br>**FILED**<br><br>AUG 13 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of attempted sexual assault. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Affirmed.*

Casey A. Landis, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

By the Court, PICKERING, J.:

NRS 176.165 allows a defendant who has pleaded guilty, but not been sentenced, to petition the district court to withdraw his plea. When this court first examined NRS 176.165, we held that a court may grant such motions for any substantial reason that is "fair and just." *See State v. Second Judicial Dist. Court (Bernardelli)*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969). Many years later, we significantly narrowed that holding, stating that the only relevant question when determining whether a defendant presented a fair and just reason sufficient to permit withdrawal of his plea is whether the plea was knowingly, voluntarily, and intelligently entered. *Crawford v. State*, 117 Nev. 718, 721-22, 30 P.3d 1123, 1125-26 (2001). In this appeal, we consider whether *Crawford*'s exclusive focus on the validity of the plea is supported by NRS 176.165. We hold that it is not. We also hold that appellant failed to present a fair and just reason favoring withdrawal of his plea and therefore affirm his judgment of conviction.

I.

Appellant Joseph Stevenson was charged with numerous offenses relating to his sexual attacks of three women between 2007 and 2009. The evidence against him appeared to be strong, consisting of

---

[1]This opinion has been circulated among all justices of this court, any two of whom, under IOP 13(b), may request en banc review of a case. The two votes needed to require en banc review in the first instance of the question of disavowing in part *Crawford v. State*, 117 Nev. 718, 30 P.3d 1123 (2001), were not cast.

 

identifications by the women and a DNA match. The cases were consolidated, and Stevenson chose to represent himself. As trial approached, he attempted to obtain a surveillance video of the Cheetahs gentlemen's club parking lot where one of the women was sexually assaulted. When it became clear that the State had lost the video, Stevenson moved to dismiss the charges. The district court denied his motion on March 9, 2011. On November 9, shortly before trial was set to begin, Stevenson informed the district court that Cheetahs still had the actual machine that the club had used to record surveillance footage. According to Stevenson, the manager had unplugged the machine when the video had been requested, but it required a password that she did not know and therefore she could not retrieve the recording. Stevenson argued that the video should exist on the machine's hard drive and he would not be ready for trial until he saw it. The parties decided that a computer technician would attempt to "break into" the machine and access the video overnight. The next day, without any explanation, Stevenson pleaded guilty to two counts of attempted sexual assault.

On February 21, 2012, before sentencing, Stevenson moved to withdraw his plea on the ground that he had been misled about the existence of the video. According to Stevenson, he had only pleaded guilty because his court-appointed standby counsel told him that the video could not be viewed unless the machine was sent back to the company that made it, which would take several months and could erase the video. But after he pleaded guilty, Stevenson allegedly learned that the video could be extracted in mere days and there was no risk of damaging it in the process. The district court conducted an evidentiary hearing regarding this claim where Stevenson's investigator, the computer technician, and

Cheetahs' manager testified. After their testimony, the district court denied Stevenson's motion pursuant to Crawford, 117 Nev. at 721-22, 30 P.3d at 1125-26, finding that his plea was entered into knowingly, voluntarily, and intelligently.

## II.

Stevenson argues that Crawford's exclusive focus on whether the plea was knowing, voluntary, and intelligent lacks foundation in NRS 176.165. He points out that, before Crawford, this court had interpreted NRS 176.165 to permit the withdrawal of a guilty plea before sentencing for any "fair and just" reason, which included reasons beyond just whether the plea was validly entered. See Bernardelli, 85 Nev. at 385, 455 P.2d at 926 ("The granting of the motion to withdraw one's plea before sentencing is proper where for any substantial reason the granting of the privilege seems fair and just." (internal quotation marks omitted)); see also Mitchell v. State, 109 Nev. 137, 141, 848 P.2d 1060, 1062 (1993) (holding that the appellant presented a fair and just reason to withdraw her plea where she had a credible claim of innocence, the State would not be prejudiced, and only a minor amount of money was involved).

## A.

In order to resolve Stevenson's contention, it is necessary to understand how this court's interpretation of NRS 176.165 has evolved over time. In relevant part, NRS 176.165 provides that a defendant who has pleaded guilty may petition the court to withdraw his plea "before sentence is imposed or imposition of sentence is suspended." Although the statute makes clear that a defendant *can* move to withdraw his plea, it says nothing about the *circumstances* in which his motion should be granted. This court first outlined these circumstances shortly after NRS

176.165 was enacted. In *Bernardelli*, the defendant argued that the district court abused its discretion by denying his motion to withdraw his plea. 85 Nev. at 385, 455 P.2d at 926. Because the statute was silent regarding the issue, we looked to federal courts for guidance, recognizing that NRS 176.165 was modeled after an almost identical federal rule, Fed. R. Crim. P. 32(d).[2] *Id.* Relying on *Gearhart v. United States*, 272 F.2d 499 (D.C. Cir. 1959), we held that a district court may grant a motion to withdraw a guilty plea before sentencing "where for any substantial reason the granting of the privilege seems 'fair and just.'" *Bernardelli*, 85 Nev. at 385, 455 P.2d at 926.[3]

In cases subsequent to *Bernardelli*, we did not explain what constituted a fair and just reason sufficient to permit withdrawal of a plea. Instead, we acted on a case-by-case basis and considered the totality of the circumstances to determine whether allowing withdrawal would be fair to the defendant and the State. But we were not always careful to explain the test we were applying, *see Jezierski v. State*, 107 Nev. 395, 396, 812

---

[2]In 1965, the Nevada Legislature directed a commission to "prepare a new code of substantive law" after determining that the criminal code in existence at the time was outdated. Assemb. Concurrent Res. 9, 53d Leg., 1965 Nev. Stat. 1507. The commission recommended that the Legislature adopt certain Federal Rules of Criminal Procedure which were not already covered by state rules, including the rule permitting withdrawal of guilty pleas, Rule 32(d). *Report of the Subcomm. for Revision of the Criminal Law to the Legis. Comm'n*, 3. The Legislature agreed and adopted NRS 176.165 almost verbatim from Rule 32(d). 1967 Nev. Stat., ch. 523, § 245, at 1434. Rule 32(d) has undergone several revisions and now exists as Fed. R. Crim. P. 11(d).

[3]The requirement that a proffered reason be "substantial" appears to have been our own.

P.2d 355, 356 (1991) (reversing based upon "public policy" considerations); *Mitchell*, 109 Nev. at 141, 848 P.2d at 1062 (reversing without mentioning the "fair and just" language), and a discussion of whether the plea was validly entered began to creep into our analysis, *Mitchell*, 109 Nev. at 140, 848 P.2d at 1061 (explaining that the defendant bore the burden of demonstrating that her plea "was not entered knowingly and intelligently" (quoting *Bryant v. State*, 102 Nev. 268, 721 P.2d 364 (1986))). This confusion came to a head in *Crawford*, when, for the first time, we focused the "fair and just" analysis *solely* upon whether the plea was valid, holding that "[t]o determine whether the defendant advanced a substantial, fair, and just reason to withdraw a plea, the district court must . . . determine whether the defendant entered the plea voluntarily, knowingly, and intelligently." 117 Nev. at 721-22, 30 P.3d at 1125-26. Since *Crawford*, we have repeatedly observed that the only relevant question when considering whether a defendant should be permitted to withdraw his plea before sentencing is whether the plea was entered into knowingly, voluntarily, and intelligently. In applying this standard, we have refused to permit withdrawal of pleas that were valid even if the defendant presented an otherwise fair and just reason for withdrawing his plea.

B.

We now turn to the question of whether the withdrawal standard announced in *Crawford* is supported by NRS 176.165. "[Q]uestions of statutory construction, including the meaning and scope of a statute, are questions of law, which this court reviews de novo." *City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003). "When Nevada legislation is patterned after a federal statute or the law of another state, it is understood that the courts of the adopting state usually

follow the construction placed on the statute in the jurisdiction of its inception." *Advanced Sports Info., Inc. v. Novotnak*, 114 Nev. 336, 340, 956 P.2d 806, 809 (1998) (internal quotation marks omitted).

As we observed in *Bernardelli*, NRS 176.165 was modeled after Fed. R. Crim. P. 32(d). Around the time that the statute was enacted, federal courts interpreting Rule 32(d) allowed a defendant to withdraw his guilty plea "'if for any reason the granting of the privilege seems fair and just.'" *Gearhart*, 272 F.2d at 502 (quoting *Kercheval v. United States*, 274 U.S. 220, 224 (1927)); *see also United States v. Stayton*, 408 F.2d 559, 561 (3d Cir. 1969) ("In weighing motions for withdrawal of a guilty plea before sentencing, the test to be applied by the trial courts is fairness and justice."). What constituted a fair and just reason was unsettled, and a conflict eventually emerged between courts who held that withdrawal should be permitted in almost every circumstance and courts who held that the defendant must first present a plausible ground for withdrawal. Fed. R. Crim. P. 32(d) advisory committee's note (1983).[4] But under either view, withdrawal was permitted for reasons other than merely whether a plea was knowing, voluntary, and intelligent. *See, e.g., Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963) ("Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea before sentence is imposed, and such leave should be freely allowed" (internal quotation marks omitted)); *United States v. Sambro*, 454 F.2d 918, 924 (D.C. Cir. 1971) ("For example, a

---

[4]Congress eventually adopted the latter position. Fed. R. Crim. P. 32(d) advisory committee's note (1983); *United States v. Martinez*, 785 F.2d 111, 115-16 (3d Cir. 1986).

judge may but need not allow presentence withdrawal when the defendant establishes that there are circumstances which might lead a jury to refuse to convict notwithstanding his technical guilt of the charge. Or, a judge *might* allow withdrawal because the defendant has become aware of some collateral consequences of conviction which he wants to avoid." (internal citation omitted)). More recently, federal courts have expressly rejected the notion that the "fair and just" analysis turns upon the validity of the plea. *United States v. Ortega-Ascanio*, 376 F.3d 879, 884 (9th Cir. 2004). Thus, the statement in *Crawford* which focuses the "fair and just" analysis solely upon whether the plea was knowing, voluntary, and intelligent is more narrow than contemplated by NRS 176.165. We therefore disavow *Crawford*'s exclusive focus on the validity of the plea and affirm that the district court must consider the totality of the circumstances to determine whether permitting withdrawal of a guilty plea before sentencing would be fair and just.

## III.

Having determined that a district court may grant a defendant's motion to withdraw his guilty plea before sentencing for any reason where permitting withdrawal would be fair and just, we turn now to the reasons Stevenson has given as to why withdrawal was warranted. The crux of Stevenson's argument below as to why he should be allowed to withdraw his plea was that the members of his defense team lied about the existence of the video in order to induce him to plead guilty. The district court considered this contention and gave Stevenson considerable leeway to demonstrate how he was lied to or misled. Stevenson struggled to articulate a cohesive response, pointing instead to circumstances which, viewed in context, were neither inconsistent nor suspicious. After

considering Stevenson's arguments, as well as the testimony presented at the multiple evidentiary hearings, the district court found that no one lied to Stevenson about the time it would take to determine whether the video could be extracted or otherwise misled him in any way. The district court also found that Stevenson's testimony in this regard was not credible. We must give deference to these findings so long as they are supported by the record, *see Little v. Warden*, 117 Nev. 845, 854, 34 P.3d 540, 546 (2001) (giving deference to factual findings made by the district court in the course of a motion to withdraw a guilty plea), which they are. Based on these findings, withdrawal was not warranted on this ground.

Similarly unconvincing is Stevenson's contention that he was coerced into pleading guilty based on the compounded pressures of the district court's "erroneous" evidentiary ruling regarding his motion to suppress the video, standby counsel's pressure to negotiate a plea, and time constraints. We need not consider whether the lower court's ruling regarding the video was correct, because even assuming it was not, undue coercion occurs when "a defendant is induced by promises or threats which deprive the plea of the nature of a voluntary act," *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007) (internal quotation marks omitted), not where a court makes a ruling later determined to be incorrect, *see generally Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). Moreover, time constraints and pressure from interested parties exist in every criminal case, and there is no indication in the record that their presence here prevented Stevenson from making a voluntary and intelligent choice among the options

available. *See Doe*, 508 F.3d at 570 ("The test for determining whether a plea is valid is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." (internal quotation marks omitted)); *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995) ("Although deadlines, mental anguish, depression, and stress are inevitable hallmarks of pretrial plea discussions, such factors considered individually or in aggregate do not establish that [a defendant's] plea was involuntary.").

Finally, we reject Stevenson's implied contention that withdrawal was warranted because he made an impulsive decision to plead guilty without knowing, definitively, whether the video could be viewed. Stevenson did not move to withdraw his plea for several months, which contradicts his suggestion that he entered his plea in a state of temporary confusion while in the throes of discovering that the video was not easily accessible. *See United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (explaining that one of the goals of the fair and just analysis "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty" (internal quotation marks omitted)); *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975) ("A swift change of heart is itself strong indication that the plea was entered in haste and confusion[.]"). Most importantly, Stevenson relied upon the uncertainty surrounding the video as leverage to negotiate an extremely favorable plea despite the apparently strong evidence against him. *See United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009) ("The guilty plea is not a placeholder that reserves [a

defendant's] right to our criminal system's incentives for acceptance of responsibility unless or until a preferable alternative later arises. Rather, it is a grave and solemn act, which is accepted only with care and discernment." (internal quotation marks omitted)).

Considering the totality of the circumstances, we have no difficulty in concluding that Stevenson failed to present a sufficient reason to permit withdrawal of his plea. Permitting him to withdraw his plea under the circumstances would allow the solemn entry of a guilty plea to "become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *Barker*, 514 F.2d at 221. This we cannot allow.[5]

For these reasons, we affirm.

_____ , J.
Pickering

We concur:

_____ , J.
Saitta

_____ , J.
Gibbons

_____

[5]Stevenson urges us to consider his "colorable claim of innocence" when evaluating whether he presented a fair and just reason for withdrawing his plea. *See Woods v. State*, 114 Nev. 468, 475, 958 P.2d 91, 95-96 (1998). Stevenson fails to support his contention that he has a colorable claim of innocence.