# IN THE SUPREME COURT OF THE STATE OF NEVADA

VICENTE WAYNE LADUA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65878

FILED

MAY 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, for attempted battery with substantial bodily harm. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Vicente Ladua pleaded guilty to attempted battery with substantial bodily harm, a category D felony or gross misdemeanor. When he entered his plea, two guilty plea agreements were filed in open court. The only difference between the two agreements is a handwritten amendment stating that Ladua agreed that the charge would be treated as a felony and that he agreed that he would receive prison time if he failed to report for a presentence interview. These changes became necessary because, on the morning Ladua entered his guilty plea, he requested a reduction in bail. Ladua and his counsel initialed the handwritten amendment.

When the district court asked Ladua how he pleaded to the charge, Ladua responded, "No contest." Defense counsel corrected him, and Ladua said that he pleaded guilty. Defense counsel then informed the court that the guilty plea agreement did not reflect the settlement, so the court passed the matter until the end of its morning calendar.

16-15830

When the court recalled Ladua's case, defense counsel said that the parties agreed that the wobbler, a crime that can be treated as either a gross misdemeanor or a felony, would receive felony treatment and that Ladua would serve prison time if he failed to appear for a Presentence Investigation Report (PSI) interview. Ladua confirmed that he understood and signed the agreement. He also confirmed that he initialed the handwritten changes and that he read the agreement and discussed it with his attorney.

Almost two months after the arraignment hearing, Ladua finally posted bail. After his release, Ladua failed to report to parole and probation for a PSI interview and parole and probation submitted a "Failure to Appear" PSI report to the district court.

At the sentencing hearing, defense counsel informed the court that Ladua wished to withdraw his guilty plea. Ladua claimed that the various versions of the plea agreement confused him, so he did not enter his plea voluntarily, knowingly, and intelligently. Ladua argued that the first draft of the agreement, which Ladua did not sign, listed the charge as a wobbler, but the filed agreements did not address that the charge was a wobbler. He said that the plea agreement was unclear that the charge would be treated as a felony. Ladua also noted that, during the plea canvass, the court misstated the victim's name and the page number of Ladua's signature on the agreement.

At the hearing on Ladua's motion, the State argued that the handwritten portions in the agreement would not have been necessary had Ladua not wanted a reduction in bail so that he could be released from custody. During argument, the court commented that due to the various versions of the agreement that there may have been confusion. The State,

SUPREME COURT
OF
NEVADA

(O) 1947A

however, argued that the district court's perception of confusion was incorrect because Ladua required the changes in order to get his bail reduced. The State further explained that while Ladua was out on bail, federal authorities returned him to custody. Because the result of the instant case would impact his sentence in his federal case, the State surmised, Ladua wanted the district court to treat his case as a gross misdemeanor. Defense counsel replied that Ladua did not have the federal charges when he decided he wanted to withdraw his guilty plea.

Ultimately, the court determined that Ladua pleaded guilty freely and voluntarily and denied his motion and sentenced him. The court adjudicated Ladua guilty of a felony and ordered that he serve 19 to 48 months in the Nevada Department of Corrections.

On appeal, Ladua argues that the district court abused its discretion when it denied his presentence motion to withdraw his guilty plea because (1) the written guilty plea agreement and the district court's oral plea canvass were inconsistent; and (2) Ladua did not enter his guilty plea voluntarily, knowingly, or intelligently. We disagree.

A criminal defendant may withdraw a guilty plea prior to sentencing, NRS 176.165, and a trial court may grant a "motion to withdraw one's plea before sentencing . . . for any substantial reason the granting of the privilege seems fair and just." *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969) (internal quotation marks omitted). Nevada courts "apply a more relaxed standard to presentence motions to withdraw guilty pleas than to post-sentencing motions." *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537 (2004). "However, guilty pleas are presumptively valid, especially when entered on advice of counsel." *Id.* at 190, 87 P.3d at 537.

In *Stevenson v. State,* we stressed that "the district court must consider the totality of the circumstances to determine whether permitting withdrawal of a guilty plea before sentencing would be fair and just." 131 Nev., Adv. Op. 61, 354 P.3d 1277, 1281 (2015). The trial court must "review the entire record to determine whether the plea was valid, either by reason of the plea canvass itself or under a totality of the circumstances approach." *Bryant v. State,* 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), *superseded by statute on other grounds as stated in Hart v. State,* 116 Nev. 558, 562, 1 P.3d 969, 971 (2000). We review a district court's determination of the validity of a guilty plea for an abuse of discretion. *Id.*

*Whether the inconsistencies in the oral plea canvass and the written guilty plea agreement constitute a substantial reason warranting withdrawal of the guilty plea agreement*

Ladua complains that the district court abused its discretion when it denied his motion to withdraw his guilty plea agreement because the court's oral plea canvass was inconsistent with the written guilty plea agreement. He complains of two, specific inconsistencies: (1) the court misstated the victim's name and (2) the court erroneously stated that Ladua signed the guilty plea agreement on page five instead of page six. However, Ladua fails to prove that signing the agreement on page six (instead of page five) or that misstating the victim's name is material. Ladua also fails to prove that these alleged inconsistencies constitute a "substantial reason" that makes granting the withdrawal motion "fair and just." *See State v. Second Judicial Dist. Court,* 85 Nev. at 385, 455 P.2d at 926. Accordingly, we conclude that the district court did not abuse its discretion when it denied Ladua's motion to withdraw his guilty plea.

*Whether Ladua entered his guilty plea voluntarily, knowingly, and intelligently*

Ladua claims that he did not enter his plea knowingly, voluntarily, or intelligently, but this argument is belied by the record. Ladua's plea is presumptively valid because he had the advice of counsel throughout the proceedings. *See Molina v. State*, 120 Nev. 185, 190, 87 P.3d 533, 537 (2004). Moreover, the district court canvassed Ladua very thoroughly and determined that he understood the charge, the consequences of the plea, the contents of the agreement, the handwritten changes to the agreement, and that he was entering his plea freely and voluntarily. The district court also established that Ladua knew that he did not have any lawful basis for beating the victim.

The record further shows that the district court personally addressed Ladua during the plea canvass. Although Ladua initially attempted to enter a no contest plea, he subsequently conferenced with his attorney and then pleaded guilty. Ladua also twice affirmed that the charge would be handled as a felony and that he would serve prison time if he failed to appear for a PSI interview.

We conclude that the district court's plea canvass was thorough and that the court record demonstrates that Ladua understood the charges against him and the consequences of his guilty plea. The record additionally demonstrates that Ladua entered his plea voluntarily, knowingly, and intelligently. Ladua's answers to the district court's questions in the canvass are unequivocal and emphatic.

Ladua seeks to capitalize on the court's comment at the motion hearing that, due to multiple drafts, Ladua may have been confused when he entered his plea. However, the court's comment does not constitute a substantial reason to reverse its denial of Ladua's motion.

The court asked the State to respond to its concern that Ladua may have been confused because changes were made to his guilty plea agreement in court on the morning Ladua entered his plea. The State explained that the changes were necessary because Ladua requested to be released from custody or to have his bail reduced. Because Ladua had not previously made such a request, the State told the court, the plea agreement had to be changed. The State then explained that it believed that Ladua wanted to withdraw his plea because he had not appeared at parole and probation for a PSI interview, which meant that Ladua would serve prison time. The court acknowledged that interlineated agreements were common and denied Ladua's motion to withdraw his guilty plea.

The totality of the circumstances shows that the three drafts of the plea agreement did not confuse Ladua because the changes were made at his request. The district court simply requested that the State respond to its concern and Ladua's argument that Ladua *may have been* confused. Therefore, we conclude that the district court did not abuse its discretion. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

 

cc: Hon. James M. Bixler, District Judge
McCullough, Perez & Dobberstein, Ltd.
Dickinson Wright PLLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk