# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
ERIC TODD DOUGLAS,
Respondent.

No. 68572

FILED

DEC 02 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART

This is an appeal from a district court order granting respondent Eric Douglas' postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. The State challenges the district court's decisions with respect to two cases: 09-C-251702 and 09-C-254320. We affirm the district court's rulings as they relate to 09-C-251702 and reverse the district court's rulings as they relate to 09-C-254320.

Douglas was charged with unrelated offenses in 09-C-251702 and 09-C-254320. In exchange for guilty pleas in both cases, he stipulated to habitual criminal treatment and the parties agreed to the sentences running concurrently between the cases. When Douglas learned how his sentences would be structured given that he was only entitled to credit for time served in one of the cases, he filed postconviction petitions for writs of habeas corpus in both cases seeking to withdraw his pleas. The district court judge presiding in 09-C-254320, Judge Leavitt, denied his petition. The district court judge presiding in 09-C-251702, Judge Walsh, granted the petition, purported to consolidate the cases, vacated the judgments of conviction entered in both cases, "reconsidered" her ruling granting the

16-37419

petition, and amended the judgments of conviction to give Douglas credit for time served in both cases.

On appeal, the State contends that Judge Walsh abused her discretion by granting Douglas' petition in 09-C-251702 and exceeded her jurisdiction by entering the orders relating to 09-C-254320. Douglas responds that this court has no jurisdiction to consider this appeal pursuant to NRS 34.575(2) and that Judge Walsh acted appropriately.

First, we disagree with Douglas' contention that this court lacks jurisdiction to consider this appeal. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990) (observing that the right to appeal is statutory; where no statute or court rule provides for an appeal, no right to appeal exists). By granting Douglas' petition and vacating his judgments of conviction, the district court sufficiently changed the circumstances of his custody to permit an appeal. *See Sheriff v. Gillock*, 112 Nev. 213, 214-15, 912 P.2d 274, 275 (1996).

Second, we agree with the State that Judge Walsh exceeded her jurisdiction by taking actions regarding 09-C-254320 as they amounted to a reconsideration of Judge Leavitt's ruling denying Douglas' petition. *See Rohlfing v. Second Judicial Dist. Court*, 106 Nev. 902, 907, 803 P.2d. 659, 663 (1990) (observing that a district court judge lacks jurisdiction to review the acts of another district court judge); *State v. Babayan*, 106 Nev. 155, 162, 787 P.2d 805, 812 (1990) (finding error where a judge reconsidered an issue resolved by a different judge in the course of

the same case); EDCR 7.10(b).[1] We note that, at the time Judge Walsh consolidated the cases, Judge Leavitt had already denied Douglas' petition and therefore there was no pending writ to consolidate. Therefore, we reverse Judge Walsh's rulings relating to 09-C-254320.

Third, we disagree with the State's contention that Judge Walsh clearly abused her discretion in determining that Douglas' plea was invalid in 09-C-251702. *See McConnell v. State*, 125 Nev. 243, 250, 212 P.3d 307, 312 (2009) ("This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion."). In reaching her decision, Judge Walsh considered the totality of the circumstances, including the plea canvass, the guilty plea agreement, the testimony at the evidentiary hearing, and the relevant context surrounding entry of the pleas. *See State v. Freese*, 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000) ("A defendant's comprehension of the consequences of a plea, the voluntariness of a plea and the general validity of a plea are to be determined by reviewing the entire record and looking to the totality of the facts and circumstances surrounding the plea," including "the circumstances surrounding the execution" of the plea.); *Mitchell v. State*, 109 Nev. 137, 141, 848 P.2d 1060, 1062 (1993) ("A district court may not simply review the plea canvass in a vacuum, conclude that it indicates that the defendant understood what she was doing, and use that conclusion as the sole basis for denying a motion to withdraw a guilty plea."). The State fails to demonstrate that Judge

---

[1]Jurisdiction was not vested in this court until Judge Walsh entered a written order granting Douglas' petition, *State v. Douglas*, Docket No. 68572 (Order, August 17, 2015),

Walsh's decision was clearly "arbitrary or capricious or . . . exceed[ed] the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001).[2] Therefore, we affirm Judge Walsh's rulings relating to 09-C-251702.

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Hon. Jessie Elizabeth Walsh, District Judge
Attorney General/Carson City
Clark County District Attorney
Matthew D. Carling
Eighth District Court Clerk

---

[2]Because the State failed to demonstrate that Judge Walsh clearly abused her discretion by concluding that the plea was invalid, we need not consider whether counsel was ineffective.