# IN THE SUPREME COURT OF THE STATE OF NEVADA

AARON KAPLAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72938

**FILED**

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of second-degree kidnapping with use of a deadly weapon, battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, home invasion, and battery constituting domestic violence-strangulation. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

This appeal centers on three major issues. First, appellant Aaron Kaplan argues that the district court erred in allowing My Entertainment TV (METV) to film the proceedings of his case. Second, Kaplan argues that the district court abused its discretion by not allowing him to withdraw his guilty plea. Third, Kaplan argues that the district court abused its discretion in declining to continue sentencing after Kaplan entered his guilty plea. After reviewing the parties' arguments and the record on appeal, we conclude that the district court did not err nor did it abuse its discretion in any of the areas Kaplan contests.

Turning first to Kaplan's argument involving METV, Kaplan argues that we should reconsider our recent holding in *Solid v. Eighth Judicial District Court*, 133 Nev. 118, 393 P.3d 666 (2017), but presents no cogent argument as to why we should break from our precedent. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's

19-23698

responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.") Thus, we decline the invitation to reconsider *Solid*, and as such, hold that the district court did not err in determining that METV was a media outlet for the purposes of SCR 229(c).

Kaplan also argues that the district court erred by failing to analyze each of the factors outlined in SCR 230(2) and by failing to issue a written order when it determined that METV was a media outlet under SCR 229(c). While Kaplan is correct that the district court erred by failing to analyze each of these factors in a written order, we hold that the error was harmless. *See* NRS 178.598 (explaining that errors that do not affect substantial rights are reviewed for harmless error). Kaplan argues that this error was not harmless because Dr. Kinsora refused to testify during the hearing on Kaplan's motion to withdraw guilty plea due to the presence of the METV cameras. We are unpersuaded by this argument because despite Dr. Kinsora's refusal to testify, the district court still considered all of Dr. Kinsora's reports, letters, and findings. Additionally, there is ample evidence in the record that Kaplan understood the plea agreement despite his mental deficiencies. Thus, Dr. Kinsora's testimony would not have changed the result of the district court's decision, making the error harmless.

Next, Kaplan argues that the district court abused its discretion in declining to set aside his guilty plea. A motion to withdraw guilty plea is reviewed for an abuse of discretion. *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969). The district court may grant a motion to withdraw a guilty plea "where for any substantial reason the granting of the privilege seems fair and just." *Id.* (internal

quotation marks omitted). The district court must look to the totality of the circumstances to see if the defendant's reasons for withdrawing a plea are fair and just. *Stevenson v. State*, 131 Nev. 598, 603, 354 P.3d 1277, 1281 (2015). We hold that the district court did not abuse its discretion because the facts in the record indicate that Kaplan understood the plea agreement and no substantial reason appears for setting aside the plea.

Nor are we persuaded by Kaplan's argument that the district court abused its discretion in declining to continue sentencing. The district court may continue sentencing based on the circumstances presented at the time the request is made. *Zessman v. State*, 94 Nev. 28, 31, 573 P.2d 1174, 1177 (1978). But the district court is constrained by NRS 176.015(1), which provides that the sentence "be imposed without unreasonable delay." We will not find that the district court abused its discretion by failing to continue sentencing unless Kaplan can show that he was actually prejudiced. *Rose v. State*, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007).

Kaplan urges us to find prejudice based on his claim that his counsel did not have adequate time to prepare so that more mitigating evidence could be presented to the district court. Yet, no such prejudice exists. Because sentencing had been continued four times, the district court had been presented with mitigating factors during various other hearings and from various other attorneys. The district court considered all of the evidence that counsel presented, including school records, prior medical reports, testimony from the victim, and other evidence. Kaplan points to no evidence that the district court did not consider that it should have in rendering its sentence.

Finally, Kaplan argues that (1) the district court abused its discretion in questioning a witness during the hearing on his motion to

withdraw his guilty plea; (2) the district court abused its discretion by considering two victim impact statements, of which he did not have notice; (3) his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment; (4) the district court judge should have recused himself; (5) the district attorney's office should have recused itself; (6) the airing of the METV episode before his sentencing prejudiced him; and (7) the district court abused its discretion by not limiting who METV could film. After reviewing the parties' arguments and the record on appeal, we conclude that these arguments are without merit.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:    Hon. Douglas W. Herndon, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk